Argued January 3, reversed March 31, 1977

ROSE, *Respondent,*
*v.*
WHITBECK et al, *Appellants.*
(No. 35-230, SC 24373)

562 P2d 194

Ridgway K. Foley, Jr., of Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland, and David G. Frost, Hillsboro, argued the cause and filed briefs for appellants.

George E. Birnie, Portland, argued the cause and filed a brief for respondent.

Before Denecke, Chief Justice, and Holman, Howell, Bryson, Lent and Bradshaw, Justices.

BRYSON, J.

## BRYSON, J.

Plaintiff Joe Rose brought this action for malicious prosecution against his sister, Nettie Whitbeck, and brother, Ted Rose. The case arises out of the same family quarrel and the probate of the estate of LeRoy D. Rose[1] discussed in *Rose v. Whitbeck,* 277 Or 791, 562 P2d 188, decided this day. Joe and Nettie are co-representatives (executors) of the estate in which they, Ted, and their sister, Catherine, are heirs. Defendants appeal from a judgment entered on a jury's verdict in plaintiff's favor.

Defendants each contend that the trial court erred in denying their motion for a directed verdict on the grounds that plaintiff failed, as a matter of law, (1) to prove that the criminal proceedings were instituted at the insistence of the defendants; (2) that the criminal proceedings were terminated in favor of plaintiffs, and (3) defendants lacked probable cause.

We review the facts in the light most favorable to the plaintiff. Joe was appointed co-representative of LeRoy's estate on March 27, 1973. About March 14, 1973, he received a pension check from the Veterans' Administration, made payable to LeRoy, in the amount of $237.02. Joe signed LeRoy's name to the check and his name directly below it and deposited the proceeds to his personal account after the death of LeRoy. He testified:

> "Q Was that [check] deposited in your personal account or the L. D. Rose account?
> "A In my account."

Joe did not include the proceeds from his check in the original inventory filed in the LeRoy D. Rose estate on May 4, 1973. The proceeds of the check were included in a supplementary inventory filed in the estate on September 26, 1973.

---

[1] LeRoy D. Rose was the father of Joe Rose, Ted Rose, Nettie Whitbeck and Catherine Woods. Betty Rose is the wife of Joe Rose, plaintiff. To prevent confusion, these individuals will be identified in this opinion by their first names.

Defendants believed that plaintiff forged LeRoy's signature to the check and appropriated the proceeds to his own use. They took the matter to the district attorney of Washington County, and plaintiff was subsequently indicted by the grand jury for forgery and theft. Plaintiff was not arraigned, and the indictment was dismissed on the motion of the prosecutor prior to the filing of the complaint herein.

The elements of an action for malicious prosecution, on which plaintiff has the burden of proof, are set out in *Rose v. Whitbeck, supra.* Plaintiff's case must fail if he has failed to prove any of the matters contended in defendants' motion for directed verdict, as above set forth.

In *Humbert v. Knutson et al,* 224 Or 133, 354 P2d 826 (1960), we discussed in detail what it means to "institute criminal proceedings for purposes of a malicious prosecution action and, at page 138, we quoted with approval the following from Prosser on Torts (2d ed) 648, § 98:

> " '* * * The question of information laid before prosecuting authorities has arisen in many cases. If the defendant merely states what he believes, leaving the decision to prosecute entirely to the uncontrolled discretion of the officer, *or if the officer makes an independent investigation,* or prosecutes for an offense other than the one charged by the defendant, the latter is not regarded as having instigated the proceeding; but if it is found that his persuasion was the determining factor in inducing the officer's decision, or that he gave information which he knew to be false and so unduly influenced the authorities, he may be held liable.' " (Emphasis added.) 224 Or at 138.

The same language is found in Prosser, Law of Torts (4th ed) 837, § 119 (1971). See also Restatement of Torts § 653.

■ In this case there is absolutely no evidence that the defendants withheld any vital information or misrepresented any of the facts to the district attorney or his deputies; nor is there any evidence of the use of

undue influence by the defendants. Everything presented to the district attorney's office, including a copy of the endorsed check, was exactly as the defendants believed the facts to be.

Plaintiff did not call Nettie or Mr. Robinett, the district attorney, or anyone from his office, as a witness. When Nettie was called by the defense to testify, she stated she told the prosecutor everything that she knew about the case. Mr. Robinett testified that the decision to take the case to the grand jury was totally his own, that he had the Sheriff's Department make an independent investigation for him prior to arriving at the decision to submit the matter to the grand jury, and that he was aware of Joe's status as co-representative of LeRoy's estate. Mr. Robinett testified:

"Q   And do you recall whether or not * * * there was a probate proceeding involving what the affect [sic] would be to the three parties, the prospective Defendant [plaintiff] and the two people that were talking to you [defendants]?

"A   Yes.

"Q   Did you do an individual investigation of the complaints made to you by Mr. Ted Rose and Nettie DeFord?

"A   Well, personally I don't make an investigation, but the matter was referred to, I believe, the Sheriff's Office. In any event there was some investigation concerning that, yes.

"Q   Who makes the decision whether or not to submit a matter to the prospective charge?

"A   I do.

"Q   And did you review this file personally?

"A   Yes.

"Q   Did you make a decision as to whether or not to submit it to the Grand Jury?

"A   Yes, I did.

"Q   What was that decision?

"A   That the matter should be submitted to the Grand Jury."

The district attorney could not remember whether he

did or did not see the supplemental information that the plaintiff took to the attorney for the estate, which included the sum of $237.02 representing the check involved. An examination of that information received as an exhibit reveals that it would not have been of any assistance to the district attorney in determining whether or not the matter should have been presented to the grand jury.

The plaintiff called Ted as an adverse witness, and he was asked to whom he spoke at the district attorney's office. He testified:

"A   I actually talked to Ray Robinett [district attorney] and I also talked to Georgia Ouzts, the Deputy District Attorney.

"Q   And then what did you tell her?
"A   Just the facts."

He also testified that he did not know whether or not the district attorney made an independent investigation of the facts.

We conclude there is no evidence that the defendants withheld any information or misrepresented the matter to the district attorney's office or used undue influence. The indictment was dismissed when the district attorney obtained a transcript of the LeRoy probate proceedings and he concluded that he would be unable to get a conviction against the plaintiff.

The prerequisite for recovering damages in a malicious prosecution action requires that plaintiff prove that defendants instituted the criminal proceeding. From the facts in this case,[2] we conclude that the defendants did no more than present the matter to the district attorney's office as they believed the facts to be. We conclude that the trial court should have allowed the defendants' motion for directed verdict.

Reversed.

---

[2]Ted and Nettie did testify before the grand jury. However, as we noted in Rose v. Whitbeck, 277 Or 791, 562 P2d 188 (1977), one cannot be held liable for malicious prosecution for giving testimony before a grand jury unless pertinent information is withheld, misrepresentations are made as to the facts, or undue influence used by defendant.