No. 83-471

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

CARSON H. VEHRS, JR.,

        Plaintiff and Appellant,

  -vs-

JOHN PIQUETTE, GEORGE H. MITCHELL,
et al.,

        Defendants and Respondents.

APPEAL FROM: District Court of the Fourth Judicial District,
           In and for the County of Missoula,
           The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Moses Law Firm; Charles F. Moses argued, Billings,
          Montana

      For Respondents:

          Boone, Karlberg & Haddon; Sam Haddon argued for
          Piquette, Missoula, Montana
          Johnson & Johnson; Larry Johnson argued for Piquette,
          Hamilton, Montana
          Dexter Delaney argued for Mitchell, Missoula,
          Montana

                    Submitted:    April 19, 1984

                    Decided:    June 8, 1984

Filed: JUN 8 - 1984

Ethel M. Harrison
_____
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiff Carson Vehrs appeals an order of the Missoula County District Court granting defendants summary judgment dismissing his malicious prosecution suit. The order has been certified to this Court under Rule 54(b), M.R.Civ.P., as a final judgment. We affirm.

Vehrs's present action and appeal arose out of events transpiring when Vehrs was food service director at the University of Montana in 1977-1978. Vehrs engaged in questionable accounting practices and use of petty cash received by the food service department. Allegedly, Vehrs diverted concession revenue to a cash travel fund, colluded with a meat supplier to bill the cost of a staff luncheon to the food service as meat supplied to the University, used University equipment and food stuffs for private wine tasting parties and resold wine purchased for these parties to participants without a liquor license.

The above allegations led to an internal investigation of Vehrs's handling of University funds. This investigation was initiated by an employee of Vehrs, John Piquette, and conducted by University counsel, George Mitchell. These individuals and the president of the University at that time, Richard Bowers, are named defendants in this action and respondents on appeal.

Results of the internal investigation were forwarded to the Legislative Auditor and, in turn, to the Attorney General and County Attorney. Reviewing the information provided by respondents, Missoula County Attorney Robert Deschamps decided to prosecute Vehrs.

The original information filed March 13, 1978, alleged three criminal counts: (1) felony theft; (2) official

2

misconduct; and, (3) felony sale of alcoholic beverages without a license. On the first charge, a jury acquitted Vehrs of felony theft for his involvement with the cash travel fund and a lesser included offense of official misconduct arising out of the same facts. The second count of felony official misconduct (arising out of the alleged false meat bill Vehrs submitted) and the third count were dismissed by the trial court at the request of the County Attorney. This request was made in conjunction with a plea bargaining agreement whereby Vehrs pled guilty to misdemeanor sale of alcohol without a license and the State agreed to drop the other charges. Vehrs retained counsel in these matters and incurred legal fees of $49,239.05.

Vehrs filed the present complaint on February 27, 1981. The complaint consisted of four counts. The first count alleged a right of recovery of attorney fees based on statute, section 2-9-305, MCA. This count was dismissed by the trial court as barred by the two-year period of limitations of section 27-2-211, MCA. The dismissal of this count is not being appealed.

Count II alleges a right of recovery of attorney fees based on Vehrs's employment contract, and Count III seeks recovery based on a "policy" of reimbursement. Count IV alleges that the named defendants are accountable for the malicious prosecution of Vehrs.

Affidavits and interrogatories were filed with the court supporting Vehrs's allegations. Missoula County Attorney Deschamps filed an affidavit in which he stated the investigation of the County Attorney's office was "conducted independent of the investigation previously carried out by the University of Montana." The affidavit also stated that the investigation was not participated in or controlled by

3

any University employee: "The decision to prosecute Carson H. Vehrs was one arrived at by the Department of Justice and my office, and was based upon our independent investigation. No employee of the University of Montana caused the criminal proceedings to be instituted."

In June and July of 1983, motions for summary judgment were filed by defendants seeking dismissal of Counts II, III and IV of Vehrs's complaint.

By order of the District Court dated July 19, 1983, partial summary judgment as to Count IV was granted and denied as to Counts II and III. The court ordered that defendants Piquette, Mitchell and Bower be dismissed from the proceeding and plaintiff Vehrs be limited at trial on Counts II and III to proof established by documents previously produced by discovery or readily accessible to both parties.

Vehrs appeals the dismissal of his malicious prosecution suit and the limitation of proof placed on his remaining claims.

I

The trial court dismissed the malicious prosecution claim as the evidence and affidavits failed to demonstrate proof of all the recognized elements of malicious prosecution. These elements are set forth in Reece v. Pierce Flooring (Mont. 1981), 634 P.2d 640, 38 St.Rep. 1655, and both parties agree that these criteria control. The six elements are:

> (1) a judicial proceeding was commenced and prosecuted against the plaintiff;
>
> (2) the defendant was responsible for instigating, prosecuting or continuing such proceeding;
>
> (3) there was lack of probable cause for defendant's acts;

(4) defendant was actuated by malice;

(5) the judicial proceeding terminated favorably for plaintiff; and,

(6) the plaintiff suffered damage.

We hold that Vehrs failed to present a prima facie case of malicious prosecution as the University defendants, Piquette, Mitchell and Bowers, were not responsible for instigating, prosecuting or continuing Vehrs's prosecution. Additionally, the proceedings did not terminate favorably for Vehrs.

Counsel for Vehrs contended that there were genuine issues of material fact present and summary judgment was therefore improper. For instance, in his affidavit Vehrs alleges that Mitchell and Bowers forwarded results of their investigation to the Legislative Auditor without accepting recommendations by the University internal auditor that no outside action be taken. Vehrs alleges this caused the filing of the information and initiation of prosecution.

Appellant's arguments are without merit. First, the bald assertion in an affidavit that defendants caused the malicious prosecution of plaintiff does not raise a genuine issue as to who was responsible for the initiation of the prosecution. Conclusionary or speculative statements are insufficient to raise a genuine issue of material fact. Fauerso v. Maronick Construction Co. (Mont. 1983), 661 P.2d 20, 40 St.Rep. 327.

Second, the University defendants in furnishing information to the Legislative Auditor were fulfilling a statutory duty. Section 5-13-309(3), MCA, provides:

> "The head of each state agency shall immediately notify both the attorney general and the legislative auditor in writing upon the discovery of any theft, actual or suspected, involving state

5

> moneys or property under his control or
> for which he is responsible."

By the time defendants forwarded their investigation to the auditor, Vehrs's own admissions had raised a suspicion of theft. Our opinion in Wheeler v. Moe (1973), 163 Mont. 154, 515 P.2d 679, addresses the situation:

> "It is the duty of defendants to enforce the laws of the State of Montana. Defendants cannot be held accountable in civil liability for carrying out this official duty within the authority and means prescribed by law. Plaintiff's complaint alleges nothing more than the defendants acted within their duties and authority and pursuant to law." 163 Mont. at 163, 515 P.2d at 684.

Finally, the decision to prosecute came from the Missoula County Attorney's office. All respondents did was furnish information to the prosecutor. The act of providing information to authorities without more is not actionable. See, Rose v. Whitbeck (1977), 277 Or. 803, 562 P.2d 194; Restatement (Second) of Torts, § 653, comment g (1977).

A second essential element required by Reece is lacking: the criminal proceedings did not terminate favorably for Vehrs. The facts show a single investigation was forwarded to the proper authorities. These authorities decided how to charge Vehrs. The end result was that Vehrs was acquitted of one count and plea bargained his way out of the two other counts by pleading guilty to a criminal charge arising from the same investigation. Examining the entire circumstances, Vehrs cannot be heard now to claim the proceedings terminated in his favor.

A proceeding that terminates indecisively because of a settlement or plea negotiation agreement does not meet the requirements of a cause of action for malicious prosecution. Restatement (Second) of Torts, § 660 (1977). In Joiner v. Benton Community Bank (1980), 82 Ill.2d 40, 411 N.E.2d 229,

6

the Illinois Supreme Court held that a malicious prosecution action is barred if it is predicated upon an action that did not conclusively show the innocence of the accused. In Joiner the plaintiff had been previously indicted for theft, but the action was dismissed when full restitution had been made. The decision is procedurally analogous to the case at bar as the Illinois trial court dismissed the plaintiff's malicious prosecution suit by granting defendant summary judgment. The Supreme Court affirmed and noted that summary judgment was a means of disposing of cases which did not have any factual disputes.

Similarly, in Mondrow v. Selwyn (1980), 172 N.J.Super. 379, 412 A.2d 447, an appellate court of New Jersey found an indecisive termination did not support a malicious prosecution cause of action. The plaintiff in Mondrow was charged with assault, but the charge was withdrawn pursuant to an agreement between the parties' attorneys. This outcome was held not to be sufficiently favorable to constitute malicious prosecution. In Mondrow, as in this case, the prosecution dropped one charge and replaced it with another arising out of the same factual situation. The New Jersey court commented that the defendant should not be placed in peril of civil liability for an improper charge selection when the police were involved in filing the complaint.

The reasoning of these jurisdictions is persuasive and can be applied to the present situation. The Missoula County Attorney's office decided how to initially charge Vehrs. Defendants cannot be held accountable for the particular charges filed. The investigation and subsequent prosecution must be viewed in its entirety. Where three charges are made, the defendant is acquitted of one, two are dismissed pursuant to a plea agreement, and a guilty plea is entered to

a substituted charge, the prosecution cannot be said to have terminated favorably for the defendant.

For the foregoing reasons, Vehrs failed to establish the prima facie elements of malicious prosecution. There was no factual dispute as to who initiated the prosecution and its unfavorable outcome. The summary judgment was properly granted; we need not decide whether the Reece elements of probable cause or malice were present.

## II

The second issue before this Court is whether the District Court properly limited the plaintiff's proof on remaining counts to evidence contained in discovery documents and documents readily accessible to both parties. Judge Wheelis issued this limitation order upon motion of defendants' attorneys. The rationale expressed by the trial judge in the order was that this was "in keeping with Montana's strict position on discovery--as set forth in Owen v. F. A. Buttrey Co. [(Mont. 1981), 627 P.2d 1233, 38 St.Rep. 714]."

The abuse of discovery precipitating this order included late filing of interrogatories, unverified answers and incomplete responses. Vehrs's counsel was served with two sets of interrogatories May 13, 1983. Answers were not returned within the thirty-day time period set forth by Rule 33(a), M.R.Civ.P. The answers were filed late on June 21, 1983. When they were returned, the answers were not signed by Vehrs, the party making them--a further derogation of Rule 33(a). Finally, the interrogatories were not fully answered. Numerous answers were nonresponsive; appellant objected that the information was already known or available to defendants.

Reference was made in the District Court order to our decision in Owen v. F. A. Buttrey Co., supra. Owen was a

products liability case in which the defendant, cosmetic manufacturer Revson, repeatedly failed to respond to discovery requests. The Missoula County District Court issued several orders to Revson to answer questions concerning prior knowledge of allergic reactions by its customers. Finally Judge Wheelis ordered Revson's answers to admissions be stricken, and the company was deemed to have prior knowledge that the product was defectively designed. A judgment in favor of the consumer plaintiff resulted.

Appellant argues that this case is distinguishable from the Owen situation. In Owen there were specific orders by the court compelling discovery issued to the defendant cosmetic manufacturer. Only after these orders were ignored and a hearing was held, did the District Court invoke the discovery sanctions of Rule 37, M.R.Civ.P. Specifically, it is argued that Rule 37(b) provides that a party must fail to obey a court order compelling answers before the party not answering can be sanctioned. Here, there was no order issued prior to the limitation being placed on allowable proof at trial.

Appellant fails to recognize that Rule 37(d), not 37(b), was the basis of our decision in Owen affirming Judge Wheelis' discovery sanction in that case. Rule 37(d), M.R.Civ.P., addresses a "failure of party to attend at own deposition or serve answers to interrogatories or respond to request for inspection." The rule provides that the District Court "may make such orders in regard to the failure as are just . . ." Certain sanctions are specifically enumerated including a prohibition against introducing certain evidence at trial.

Rule 37(d), M.R.Civ.P., and Owen control disposition of this case. The District Court was acting well within the

confines of its discretion when it imposed the discovery sanctions at issue. Respondents filed their motion requesting the discovery limitation because they felt appellant was attempting to withhold information. They felt their cause would be prejudiced if appellant was allowed to surprise them at trial with evidence of damages and the contractual basis of Vehrs's reimbursement claim. It was the interrogatory answers addressing these areas that were nonresponsive.

Recognizably the facts of this case do not rise to the level of abuse present in Owen or other landmark cases in which sanctions of Rule 37 have been invoked. See, National Hockey League v. Metro. Hockey Club, Inc. (1976), 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747. However, all the trial judge did here was limit proof at trial to matters which had been disclosed through discovery. The more draconian step of deeming certain matters admitted by Vehrs was not taken. The sanction was well-tailored to the discovery abuse present.

The trial of this case has been limited to facts disclosed, as opposed to facts withheld. The result is equitable in that the limitation was brought about by the actions of Vehrs and his attorney in responding to discovery.

The decision is affirmed.

_____
Chief Justice

We concur:

_Daniel J. Shea_

_John Conway Harrison_

_Fred J. Weber_

_L. C. Gulbrandson_

_John C. Sheehy_

_Frank B. Morrison_

Justices

11