No.   92-024

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

COLLIN J. O'FALLON and
HAROLD CASE,

       Plaintiffs and Appellants,

   v.

FARMERS INSURANCE EXCHANGE, a
reciprocal or interinsurance
exchange, TERRY FALCON and
JOHN DOES 1, 2, 3, and 4,

       Defendants and Respondents.



AUG 3 0 1993

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

       For Appellants:

            Alexander Blewett, III, Hoyt & Blewett,
            Great Falls, Montana; Michael J. McKeon,
            McKeon & Anderson, P.C., Butte, Montana

       For Respondents:

            Shelton C. Williams and Richard Ranney,
            Williams & Ranney, P.C., Missoula, Montana

Submitted on Briefs:  June 11, 1992

Decided:  August 30, 1993

Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Plaintiffs brought this action to recover damages based upon defendants' alleged violation of § 33-18-201, MCA, and for malicious prosecution. The District Court dismissed both claims pursuant to Rule 12(b)(6), M.R.Civ.P., for failure to state a claim upon which relief can be granted. Plaintiffs appeal from the judgment entered pursuant to the District Court's order of dismissal. We reverse the District Court.

The issues are:

1. Did the District Court err when it dismissed, with prejudice, plaintiffs' claim for malicious prosecution?

2. Did the District Court err when it dismissed, with prejudice, plaintiffs' claim for damages pursuant to §§ 33-18-201 and -242, MCA?

3. Did the District Court err when it held that Terry Falcon, the claims adjuster employed by Farmers Insurance Exchange, was individually liable for his bad faith adjustment of plaintiffs' claim pursuant to § 33-18-201, MCA?

### FACTUAL BACKGROUND

The following facts are taken from plaintiffs' complaint; and for purposes of reviewing the District Court's order dismissing the complaint pursuant to Rule 12(b)(6), M.R.Civ.P., they are assumed to be true. *Hoveland v. Petaja* (1992), 252 Mont. 268, 270-71, 828 P.2d 392, 393.

On August 31, 1990, Collin J. O'Fallon and Harold Case were operating their motor vehicles in the City of Missoula and were

2

stopped in a line of cars waiting for a red light to change at the intersection of Orange Street and Third Avenue South. Alfreda Case was riding as a passenger in Harold's car.

While plaintiffs were waiting for the light to change, Teddy Burgmaier approached them from behind in an extremely intoxicated condition and smashed into the Case vehicle, causing it to smash into O'Fallon's vehicle. As a result of the collision, both O'Fallon and Alfreda sustained physical injuries.

At the time of Burgmaier's collision with plaintiffs, he was insured against liability arising out of the operation of his motor vehicle by defendant Farmers Insurance Exchange. Defendant Terry Falcon was a claims agent for Farmers who had the responsibility for investigating this collision and adjusting the claims against Burgmaier.

On February 8, 1991, O'Fallon and Alfreda filed a complaint against Farmers and Burgmaier in the District Court for the Fourth Judicial District in Missoula County in an effort to recover damages for their physical injuries.

On March 25, 1991, the attorneys hired by Farmers filed a counterclaim against O'Fallon, alleging that he negligently caused the collision and requesting contribution or indemnity for any damages that Burgmaier would be liable to pay as a result of Alfreda's claim against him. A third-party complaint alleging similar grounds for relief was filed against Harold.

In this case, plaintiffs allege that the counterclaim and third-party complaint filed in the underlying personal injury

3

action were instigated by Farmers and Falcon and were filed with malice and without probable cause. They also allege that those claims were terminated in favor of plaintiffs and that they suffered damages as a result of defendants' malicious prosecution.

For a second cause of action, plaintiffs allege that the conduct of Farmers and Falcon, as set forth above, violated their statutory duties pursuant to § 33-18-201(4) and (6), MCA, to conduct a reasonable investigation and settle their claims in good faith after liability had become reasonably clear.

Both defendants moved to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted. On September 13, 1991, the plaintiffs' claims were dismissed without prejudice by the District Court because the underlying personal injury action was still pending. The District Court concluded, therefore, that the favorable termination requirement for a malicious prosecution claim could not be satisfied, and that the statutory bad faith claim was barred pursuant to § 33-18-242, MCA.

Plaintiffs moved for reconsideration, and on October 23, 1991, the counterclaim and the third-party complaint were dismissed with prejudice in the underlying personal action. However, on October 31, 1991, the District Court entered a second opinion and order in this case dismissing plaintiffs' complaint. This time the complaint was dismissed with prejudice pursuant to Rule 12(b)(6), M.R.Civ.P.

In its opinion, the District Court explained that since the underlying counterclaim and third-party complaint had been

4

dismissed pursuant to defendants' motion to dismiss, rather than pursuant to plaintiffs' motion for summary judgment, the dismissal must have been pursuant to settlement, and therefore, the underlying proceeding did not terminate favorably for plaintiffs. The District Court relied on our previous decision in *Vehrs v. Piquette* (1984), 210 Mont. 386, 684 P.2d 476.

The District Court dismissed the statutory bad faith claim, but gave no explanation for dismissing that claim. Falcon's motion to dismiss the bad faith claim against him on the basis that he was not subject to personal liability under §§ 33-18-201 and -242, MCA, had been denied by the District Court on September 13, 1991.

Plaintiffs have appealed from the District Court's order dismissing their complaint, and defendant Falcon has cross-appealed from the District Court's preliminary order to the effect that he could personally be sued for statutory bad faith pursuant to §§ 33-18-201 and -242, MCA.

On appeal, plaintiffs contend that because defendants' motions were made pursuant to Rule 12(b)(6), M.R.Civ.P., the District Court was limited to the four corners of the complaint; that it should not have considered information other than the pleadings; and that assuming the allegations in plaintiffs' complaint are true, plaintiffs have stated two claims against both defendants for which relief can be granted under Montana law.

In their original brief filed in this Court, defendants suggested that since the District Court considered matters outside the pleadings, we should consider plaintiffs' appeal to be from an

5

order granting summary judgment pursuant to Rule 56, M.R.Civ.P. In response to that suggestion, plaintiffs moved this Court for an order clarifying the scope of our review and requesting that if this matter was being reviewed pursuant to Rule 56, that plaintiffs be allowed to bring to our attention the results of additional discovery that was conducted while this case was pending in the District Court.

Defendants objected to our consideration of anything other than the pleadings in this case, and the court file in the underlying personal case; and in response to plaintiffs' motion, submitted authorities for the principle that information which is part of the public record may be considered by a District Court in addition to the pleadings when ruling on a motion to dismiss pursuant to Rule 12(b)(6), M.R.Civ.P. *Stillman v. Fergus County* (1986), 220 Mont. 315, 316, 715 P.2d 43; *Washington v. Office of Comptroller of Currency* (11th Cir. 1988), 856 F.2d 1507; *Fudge v. Penthouse Int'l Ltd.* (1st Cir. 1988), 840 F.2d 1012, *cert. denied*, 488 U.S. 821; 2A Moore's Federal Practice ¶ 12.07 (2.-5) pp. 12-68 (2d ed. 1990).

On April 28, 1992, we issued an order stating that:

> This case shall be considered as an appeal from a ruling on a motion to dismiss pursuant to Rule 12(b)(6), M.R.Civ.P., and in the course of that appeal, this Court will take judicial notice of O'Fallon, et al. v. Burgmaier, Cause No. 73915, Missoula County.

While this order would seemingly expand the scope of materials which can be considered pursuant to a motion to dismiss under Rule 12(b)(6), M.R.Civ.P., we need not decide that issue in this

case because we hold that with or without consideration of the District Court file in the personal injury action, defendants' motion to dismiss should have been denied.

I.

MALICIOUS PROSECUTION

Did the District Court err when it dismissed, with prejudice, plaintiffs' claim for malicious prosecution?

In *First Bank (N.A.)-Billings v. Clark* (1989), 236 Mont. 195, 204-05, 771 P.2d 84, 90, we set forth the essential elements of a claim for malicious prosecution. They are as follows:

> 1. A judicial proceeding commenced against the party alleging malicious prosecution;
>
> 2. the other party's responsibility for instigating the proceeding;
>
> 3. a want of probable cause for the other party's action;
>
> 4. the existence of malice as the motivator behind the other party's action;
>
> 5. the termination of the proceeding in favor of the alleging party; and
>
> 6. damages suffered by the party alleging malicious prosecution.

In this case, all six of the above elements have been alleged in plaintiffs' complaint, and if we assume those allegations to be true, then plaintiffs have stated a claim upon which relief can be granted under Montana law. Furthermore, nothing found in the public record of the underlying personal injury action requires a different conclusion. The facts apparent from that record are as follows:

7

O'Fallon and Alfreda filed a complaint for damages based on their personal injuries on February 8, 1991. Defendant Burgmaier answered that complaint on March 25, 1991. As part of his answer, he filed a counterclaim against O'Fallon, and a third-party complaint against Harold, claiming that they were responsible for plaintiffs' injuries and asking for contribution, or in the alternative, complete indemnification from them for any damages that Burgmaier might be found liable to pay.

O'Fallon and Harold both then retained new attorneys who appeared on their behalf and responded to the counterclaim and third-party complaint. On April 23, 1991, they took Burgmaier's deposition. On the following day, they moved the District Court to dismiss the counterclaim and third-party complaint by summary judgment. In support of that motion, plaintiffs represented to the court that in Burgmaier's deposition and response to their requests for admissions he admitted that he had been intoxicated at the time of the collision; that he had been careless and reckless in the operation of his motor vehicle; and that he also admitted that neither O'Fallon nor Harold were negligent. That motion was originally scheduled to be heard on May 9, 1991. On the day before that motion was scheduled to be heard, Burgmaier moved the court to dismiss the counterclaim and third-party complaint that he had filed. Both motions were eventually argued before the District Court on May 23, 1991. On October 23, 1991, the District Court dismissed Burgmaier's counterclaim and third-party complaint with

prejudice. However, that order provided no explanation of the District Court's basis for the dismissal of those claims.

The District Court, in this case, concluded that the claims must have been dismissed as part of the overall settlement in the underlying personal injury action, and therefore, were not terminated in favor of plaintiffs. However, there is no factual basis for concluding that the claims were dismissed as a result of settlement. It is just as reasonable to conclude from the record before us that they were dismissed because they had no merit and plaintiffs had moved for summary judgment. However, even if the claims had been dismissed as part of an overall settlement, that fact alone would not preclude a finding that they were terminated in favor of plaintiffs.

The District Court relied on our decision in *Vehrs*. However, the facts in *Vehrs* are clearly distinguishable from those in this case, and we do not find it controlling. In *Vehrs*, the plaintiff had been charged with three criminal offenses, all arising from alleged improprieties while he served as Director of the Food Service at the University of Montana. After a jury trial, he was acquitted of one charge, and two others were dismissed in exchange for his agreement to plead guilty to a substituted charge. We held that under those circumstances, "the prosecution cannot be said to have terminated favorably for the defendant." *Vehrs*, 684 P.2d at 479.

However, there is no indication in this case that O'Fallon's or Alfreda's claims were compromised in consideration for dismissal of the counterclaim and third-party complaint. Neither is there any indication that O'Fallon or Alfreda contributed anything to Burgmaier's settlement of the underlying personal injury claims. The only thing clear from the record before us is that, after taking Burgmaier's deposition, plaintiffs moved for summary judgment and defendants beat them to the courthouse in an effort to get the counterclaim and third-party complaint dismissed.

Under these facts, we find the decision of the Supreme Court of Arizona in *Bradshaw v. State Farm Mutual Auto Insurance* (Ariz. 1988), 758 P.2d 1313, more on point and more persuasive. In *Bradshaw*, plaintiff was a deputy sheriff who was responding to a fellow officer's distress call when he was struck by William Ivie while passing through an intersection. At the time of the collision, his siren and overhead flashing lights were activated. Ivie died as a result of injuries sustained in the collision. State Farm insured Ivie at the time of the collision. The police report concluded that Ivie had failed to yield the right-of-way. Apparently, all witnesses to the accident agreed with that conclusion.

When State Farm was unable to settle Bradshaw's claim for his personal injuries, it sought and received permission from Ivie's widow to file an action on behalf of his estate against Bradshaw in Federal District Court. Mrs. Ivie at first objected, but later

10

agreed, so long as there was no litigation expense incurred by the estate.

Bradshaw answered that claim and counterclaimed for his own injuries. After the completion of discovery, the case was completely resolved when State Farm paid $60,000 to Bradshaw in settlement of his claim.

Bradshaw subsequently brought an action against State Farm alleging malicious prosecution. After a jury trial, he was awarded compensatory and punitive damages.

On appeal, State Farm contended, as defendants contend in this case, that since the wrongful death claim had been concluded by settlement, rather than judgment, there had not been a termination in favor of the plaintiff. The Arizona Supreme Court disagreed and held that:

> The wrongful death case was concluded by settlement, rather than judgment. Ivie's complaint and the Bradshaws' counterclaim were dismissed with prejudice. Notwithstanding dismissal of the action, settlement may be a favorable termination. *See Frey v. Stoneman*, 150 Ariz. 106, 110-11, 722 P.2d 274, 278-79 (1986). The true facts, not the form of disposition, are determinative. *Id.* In this case, State Farm withdrew Ivie's action, paid the Bradshaws $60,000 and stipulated to the dismissal of the wrongful death complaint with prejudice. Under these facts, the jury could conclude that Ivie's lawsuit was terminated favorably to the Bradshaws. *Id.; see also* Restatement § 674 comment j (favorable termination may arise from "the withdrawal of the proceedings by the person bringing them").

*Bradshaw*, 758 P.2d at 1321.

Likewise, we hold that under the facts before us the jury could conclude that Burgmaier's counterclaim and third-party

11

complaint were terminated favorably to plaintiffs. Therefore, we reverse the District Court's judgment dismissing plaintiffs' complaint for malicious prosecution and remand to the District Court for the resolution of that factual issue.

II.

## BAD FAITH CLAIM

Did the District Court err when it dismissed, with prejudice, plaintiffs' claim for damages pursuant to §§ 33-18-201 and -242, MCA?

There was no explanation in the District Court's opinion and order explaining its dismissal of plaintiffs' claim against defendants for bad faith violation of § 33-18-201, MCA. Furthermore, plaintiffs' complaint clearly sets forth sufficient facts to state a claim pursuant to that statute for which relief can be granted. However, on appeal, defendants contend that the District Court's dismissal should be affirmed because neither plaintiff has sued in his or her capacity as an "insured" nor "third-party claimant" as those terms are used in § 33-18-242, MCA; and that, therefore, plaintiffs have no standing to bring this action under the Unfair Trade Practices Act found at §§ 33-18-201 to -1005, MCA.

Section 33-18-201, MCA, provides in relevant part that:

> No person may, with such frequency as to indicate a general business practice, do any of the following:
>
> . . . .

12

(4) refuse to pay claims without conducting a reasonable investigation based upon all available information;

. . . .

(6) neglect to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear . . . .

Section 33-18-242, MCA, provides for an independent cause of action when § 33-18-201, MCA, has been violated. It states that:

An insured or a third-party claimant has an independent cause of action against an insurer for actual damages caused by the insurer's violation of subsection (1), (4), (5), (6), (9), or (13) of 33-18-201. [Emphasis added.]

It is clear that the Legislature intended to distinguish between people making claims for bad faith against their own insurer as opposed to people who are damaged by an insurance company's conduct but have no contractual relationship to that company. Other than that distinction, there is no definition of "third-party claimant" in the Unfair Trade Practices Act.

We conclude that where plaintiffs have alleged a violation of subsections (4) and (6) of § 33-18-201, MCA, and where they have further alleged that they were personally damaged as a result of those violations, they are third-party claimants within the meaning of § 33-18-242, MCA, and have properly set forth a claim for violation of Montana's Unfair Trade Practices Act.

In this case, Farmers contends that if it had unreasonably denied O'Fallon's claim it could be subject to liability under the Act. However, it argues that filing a frivolous counterclaim for the sole purpose of establishing leverage with which to negotiate

13

settlement of his claim is not prohibited by the Act. To accept Farmers' position would exalt form over substance and we are not inclined to do so. Furthermore, if, as plaintiffs allege, Harold had to retain an attorney to represent him as a third-party defendant based on a complaint filed against him for the sole purpose of improving Farmers' bargaining position with his wife, it is of no consequence that he had not originally filed a claim for personal injuries. The purpose of these provisions in the Unfair Trade Practices Act is to protect members of the public from damage caused by an insurer's unreasonable efforts to avoid the obligations it assumed when it accepted premiums for insurance coverage.

For these reasons, we reverse the District Court's dismissal of plaintiffs' second cause of action in which they sought damages for bad faith pursuant to §§ 33-18-201 and -242, MCA.

### III.

### LIABILITY OF TERRY FALCON

Did the District Court err when it held that Terry Falcon, the claims adjuster employed by Farmers Insurance Exchange, was individually liable for bad faith adjustment of plaintiffs' claim pursuant to § 33-18-201, MCA?

In addition to the reasons set forth above, Falcon moved the District Court to dismiss the complaint against him on the basis that he was not an "insurer" under the provisions of the Unfair Trade Practices Act, and therefore, not subject to liability for violation of its terms. However, in its opinion and order dated

14

September 13, 1991, the District Court concluded that the definitions in the Unfair Trade Practices Act were broad enough to bring Falcon "under the provisions of both § 33-18-242 and § 33-18-201, MCA . . ." and held that "Count II is a valid claim against that defendant." Falcon cross-appeals from that conclusion.

Section 33-18-201, MCA, provides that "no person" may engage in the prohibited conduct. Person is defined in § 33-1-202(3), MCA, as "an _individual_, insurer, company . . . or any other legal entity." [Emphasis added.]

In _Klaudt v. Flink_ (1983), 202 Mont. 247, 658 P.2d 1065, we held that § 33-18-201, MCA, did confer an obligation on those covered by the Act to deal reasonably with claimants and that a civil action could be maintained for breach of that obligation. It is clear from the language of § 33-18-201, MCA, that not just insurers, but also claims adjusters, are prohibited from engaging in the acts that are prohibited. It is clear from our decision in _Klaudt_ that a common law cause of action exists to redress violations of the Act's provisions set forth in § 201. That part of the _Klaudt_ decision has never been reversed nor modified by any subsequent decision of this Court.

In the 1987 session of the Legislature, Representative Fred Thomas introduced House Bill No. 240 which was subsequently passed and codified as § 33-18-242, MCA. As amended and voted upon, House Bill No. 240 was entitled:

15

AN ACT PROVIDING A CAUSE OF ACTION FOR AND THE SUSPENSION OF LEGAL PROCEEDINGS IN CERTAIN INSURANCE CLAIMS SETTLEMENT CASES; INCREASING THE FINE THAT MAY BE IMPOSED FOR VIOLATION OF THE INSURANCE CODE; AMENDING SECTION 33-18-317, MCA; REPEALING SECTION 33-18-241, MCA; AND PROVIDING AN APPLICABILITY DATE AND AN EFFECTIVE DATE.

The substance of House Bill No. 240 provided a direct cause of action against "insurers" who violate certain parts of § 33-18-201, MCA, and provided that contrary to our decision in *Klaudt*, an action brought pursuant to this statutory cause of action would not require that violations of the code "were of such frequency as to indicate a general business practice." The bill also limited the types of claims that could be brought based on claim settlement practices, defined with greater particularity the conduct which would form the basis for this statutory claim, required that a third-party complaint not be filed until the underlying claim was resolved, and established a statute of limitations for the newly created statutory claim. However, nothing in the title of the bill, nor in the text of the newly created statute, suggested that the bill would limit the parties against whom the common law claim established by *Klaudt* could be brought. Neither is there anything in the bill's legislative history to suggest that that was the Legislature's intent.

When testifying in support of his bill, Representative Thomas stated that its purposes were to limit the types of claims that could be brought against insurers, to protect insurers where they had a reasonable basis for denying a claim, to postpone third-party

16

claims under the statute until the underlying claim had been resolved, and to increase the fine that could be assessed against companies that violate provisions of the Act. No other purpose was articulated. Neither did any of the supporters of House Bill No. 240 suggest that its purpose was to in any way limit the "persons" against whom the common law cause of action provided for in *Klaudt* could be brought. All of the testimony in support of House Bill No. 240 related to the bill's provision to increase the statutory penalty, its provision for separate trials, and its limits on the type of violations for which third-party actions could be brought.

When the common law, as established by the decisions of this Court, is not in conflict with the statutes, the common law shall be the law. Section 1-1-108, MCA. We conclude that our decision in *Klaudt*, which authorized a direct cause of action against "persons" who violate § 33-18-201, MCA, is not in conflict with § 33-18-242, MCA, which provides for a statutory cause of action against "insurers," but does not otherwise limit previously created common law causes of action.

Based on the foregoing history, we conclude that individuals, as well as insurers, are prohibited from engaging in the unfair trade practices set forth in § 33-18-201, MCA, and that when an individual breaches the obligations imposed by that statute, the claimant who is damaged by that breach has a common law cause of action against that individual. However, the statutory cause of action provided for in § 33-18-242, MCA, and the different standard

17

of proof which that statute provides for, apply only to insurers as defined in § 33-1-201(6), MCA.

For these reasons, we affirm the District Court's conclusion that Falcon is subject to liability for any personal violations of § 33-18-201, MCA. However, we conclude that the burden of proof in the action against Falcon is the burden set forth in *Klaudt*, while the burden of proof in plaintiffs' claim against Farmers Insurance Exchange is governed by the terms of § 33-18-242, MCA.

This case is reversed in part, affirmed in part, and remanded to the District Court for resolution of the factual issues raised by the pleadings in this case.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

18

August 31, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Alexander Blewett, III
Hoyt & Blewett
P.O. Box 2807
Great Falls, MT 59403-2807

Michael J. McKeon
Attorney at Law
P.O. Box 3329
Butte, MT 59702

Richard Ranney & Shelton C. Williams
Williams & Ranney, P.C.
P.O. Box 9440
Missoula, MT 59807

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA
BY:_____
Deputy