AMERICAN FINANCIAL, INC., a Montana corporation, fka/First National Insurance, Inc., Plaintiff—Appellant,

v.

AMERICAN STATE INSURANCE COMPANY, an Indiana Company, Defendant—Appellee.

American Financial, Inc., a Montana corporation, fka/First National Insurance, Inc., Plaintiff—Appellee,

v.

American State Insurance Company, an Indiana Company, Defendant— Appellant.

Nos. 01–36139, 01–36166.

United States Court of Appeals, Ninth Circuit.

Submitted May 5, 2003.*

Decided May 23, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, GOULD, Circuit Judges, and BOLTON,** District Judge.

## MEMORANDUM ***

American Financial, Inc. f/k/a First National Insurance, Inc. ("FNI") appeals from the district court's grant of summary judgment to American States Insurance Company ("ASI"). Because the relevant facts are known to the parties they are not repeated here.

■ FNI first argues that the district court erred in rejecting its claim for malicious prosecution. At issue here is whether ASI was responsible for litigating, prosecuting, or continuing the underlying negligence suit brought by the Board of Trustees for School District No. 69 in West Yellowstone, Montana ("the school district") against FNI. *See Sacco v. High Country Indep. Press, Inc.*, 271 Mont. 209, 896 P.2d 411, 431 (1995).

It is true that ASI's counsel provided information and encouragement to the school district to bring suit against FNI.

But irrespective of any prodding by ASI's legal counsel, the school district made the decision to sue FNI on its own. Indeed, the school district's attorney, Michael Lilly, submitted an affidavit stating:

> Mr. Posten's [ASI's legal counsel] suggestions and encouragement did not in any way cause me to file suit against FNI. To the contrary, formal discovery, my own investigation, and research into the pertinent legal issues convinced me that the School District had a viable claim against FNI based on its negligence in its advice to and procurement of insurance for the School District.

In addition, under Montana law, the mere act of furnishing information to a relevant authority is not actionable as malicious prosecution. *See Vehrs v. Piquette*, 210 Mont. 386, 684 P.2d 476, 478 (Mont.1984).

■ And to the extent that FNI argues that ASI's denial of coverage was "responsible" for the school district's decision to bring suit, as the district court aptly noted, it is outside the scope of a claim for malicious prosecution. In any event, even after it successfully prevailed against ASI, the school district, without any urging or input by ASI, still maintained its cause of action against FNI for negligence. We therefore agree with the district court that FNI does not have a viable claim for malicious prosecution.

■ FNI next argues that the district court erroneously rejected its claim under the common law tort of bad faith. Under Montana law, a third-party claimant may bring an action for bad faith against an insurance company for its unfair practices. *Brewington v. Employers Fire Ins. Co.*, 297 Mont. 243, 992 P.2d 237, 240 (Mont.

---

** The Honorable Susan R. Bolton, United States District Court Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1999). To fit within this scope, FNI contends that a third-party claimant "is any person who has been personally damaged as a result of an insurance company's bad faith conduct." Blue Brief at 22.

In support of this proposition, FNI cites to *O'Fallon v. Farmers Ins. Exch.*, 260 Mont. 233, 859 P.2d 1008 (Mont.1993). FNI's argument, however, that *O'Fallon* applies to its situation is misguided. There, the plaintiffs who brought the claim of bad faith consisted of the accident victims who successfully prevailed against the insurance company, and the drivers of the vehicles that were subject to the counterclaim and third-party complaint instigated by the insurance company.

Here, the "damage" is far less tangible. Indeed, ASI's wrongful denial of coverage, and subsequent improper backdating of an endorsement, did not by itself subject FNI to any hardship. It was the intervening and independent decision by the school district to bring suit against FNI for negligence that caused it harm. We agree with the district court that "[e]xtending third-party status to peripheral parties affected by the denial of coverage" such as FNI "would lead to a result where potentially anyone impacted by a bad faith denial of coverage could sue the insurance company."

■ Finally, FNI claims that ASI was negligent. The Montana Supreme Court has stated "that in the absence of foreseeability, there is no duty; in the absence of duty, there is no negligence." *Lopez v. Great Falls Pre–Release Servs., Inc.*, 295 Mont. 416, 986 P.2d 1081, 1086 (Mont. 1999). While Beck Construction, SFA, and the school district may have been foreseeable plaintiffs, it is a far greater leap to

suggest that ASI should have reasonably foreseen the harm that FNI incurred. FNI was neither an insured party covered by the insurance policy in dispute, nor was it a third-party claimant seeking redress pursuant to the policy. Because the school district's decision, made on its own accord, to bring suit against FNI, rather than ASI's denial of coverage, was the underlying cause of FNI's harm, the district court was correct in granting summary judgment to ASI.[1]

AFFIRMED.

---

1. Because we affirm the district court's grant of summary judgment to ASI on FNI's claim of negligence, we need not reach the merits of ASI's protective cross-appeal.

