**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRONTLINE PROCESSING CORP., a Nevada corporation, | No. 08-35879 |
| Plaintiff-counter-defendant - Appellee, | D.C. No. CV 01-00074-BU-RFC |
| v. | MEMORANDUM* |
| FIRST STATE BANK OF ELDORADO, ELDORADO, ILLINOIS, an Illinois corporation, | |
| Defendant-counter-claimant - Appellant, | |
| v. | |
| LMA UNDERWRITING AGENCY, INC.; CHRISTOPHER L. KITTLER, | |
| Third-party-defendant - Appellees. | |

| | |
|---|---|
| FRONTLINE PROCESSING CORP., a Nevada corporation, | No. 09-35166 |
| Plaintiff-counter-defendant - Appellant, | D.C. No. CV 01-00074-BU-RFC |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

FIRST STATE BANK OF ELDORADO,
ELDORADO, ILLINOIS, an Illinois
corporation,

        Defendant-counter-claimant -
        Appellee,

  v.

LMA UNDERWRITING AGENCY,
INC.; CHRISTOPHER L. KITTLER,

        Third-party-defendant -
        Appellants.

Appeals from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Argued and Submitted July 12, 2010
Seattle, Washington

Before:  REINHARDT, GRABER, and PAEZ, Circuit Judges.

Defendant First State Bank of Eldorado appeals various issues decided unfavorably to it in connection with Plaintiff Frontline Processing Corporation's claims against Defendant and Defendant's counterclaims against Plaintiff and against Third-Party Defendant Christopher Kittler.  Plaintiff cross-appeals the district court's refusal to award it attorney fees, the determination that Plaintiff had

waived by contract its right to a jury trial, and the directed verdict against

Plaintiff's bad faith claim.  With the exception of the district court's dismissal of

Defendant's indemnification counterclaims with prejudice, we affirm.

## I.      Plaintiff's Count IIA

We review de novo the district court's interpretation of the contract.  Davis

v. Yageo Corp., 481 F.3d 661, 673 (9th Cir. 2007).  The district court did not err in

concluding that the contract did not authorize the deductions described in Count

IIA.  Although section 6.3(b) permits Defendant to suspend payments entirely

when Plaintiff is in default on any material obligation, the contract does not

authorize Defendant unilaterally to withhold deductions from the monthly

settlements as a form of self-help.

We review for abuse of discretion a district court's imposition of a case-

dispositive sanction.  Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills,

482 F.3d 1091, 1096 (9th Cir. 2007).  The district court correctly determined that

Defendant violated an order to provide a citation to contractual authority for each

disputed deduction when Defendant provided the same over-inclusive boilerplate

citation for every deduction.  Some of the cited provisions had no possible bearing

on particular deductions, and the uniformity of the citation prejudiced Plaintiff in

pursuing its claims. The district court did not abuse its discretion by sanctioning Defendant.

We review for clear error a district court's factual findings. Bertelsen v. Harris, 537 F.3d 1047, 1056 (9th Cir. 2008). The district court implicitly found that the $160,000 went into a reserve other than the Wade Cook Reserve when it awarded the sum as damages under both Counts IIA and IV. That implicit finding was not clearly erroneous, as Defendant has cited no evidence proving that the $160,000 went into the Wade Cook Reserve.

## II.     Plaintiff's Count IIB

Defendant contends that the funds disputed in Count IIB were generated by increasing the Merchant Discount Rates. According to the contract, the Merchant Discount Rates generated the Merchant Discount Amounts, which constituted Program Participation Fees. On de novo review, Davis, 481 F.3d at 673, we hold that section 6.3(b) of the fully integrated contract did not authorize Defendant to deduct reserves from Program Participation Fees.

We review for abuse of discretion a district court's decision to allow amendment of a complaint. Madeja v. Olympic Packers, LLC, 310 F.3d 628, 635 (9th Cir. 2002). Defendant suffered no prejudice when the district court permitted the amendment while denying Defendant's request to submit expert testimony,

4

because the resolution of this claim does not turn on expert testimony. As explained above, the withholdings at issue in Count IIB breached the contract whether or not the funds were generated from the Merchant Discount Rates. In the absence of prejudice, we hold that the district court did not abuse its discretion by permitting amendment of the complaint.

### III. Defendant's Racketeering-Influenced and Corrupt Organization ("RICO") Third-Party Claims

We review de novo claims concerning the right to due process. Buckingham v. Sec'y of U.S. Dep't of Agric., 603 F.3d 1073, 1080 (9th Cir. 2010). The district court did not violate Defendant's due process rights by applying the findings of the bench trial later to issues on summary judgment. Defendant had a full and fair opportunity to litigate the claims set for bench trial and the issues therein.

We review de novo claims concerning the right to a jury trial. Palmer v. Valdez, 560 F.3d 965, 968 (9th Cir. 2009), cert. denied, 130 S. Ct. 1282 (2010). Defendant did not appeal the district court's decision to schedule the bench trial before the jury trial. The propriety of that decision may have been debatable, cf. Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 510-11 (1959) (holding that legal claims must be tried before equitable claims except "under the most imperative circumstances"), but once the bench trial took place, the court's findings bound the

5

later proceeding. "Recognition that an equitable determination could have collateral-estoppel effect in a subsequent legal action was the major premise of th[e] Court's decision in Beacon Theatres." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 333 (1979). Our dictum in LaLonde v. County of Riverside, 204 F.3d 947, 953 n.10 (9th Cir. 2000), does not compel a different result. The district court did not err by applying its bench trial findings to grant summary judgment on Defendant's RICO claims.

We review for abuse of discretion a district court's application of the law of the case doctrine. Cont'l Ins. Co. v. Fed. Express Corp., 454 F.3d 951, 954 (9th Cir. 2006). The district court abused its discretion by invoking law of the case with respect to falsity, reliance, and damages. Id. The bench trial findings did not explicitly or by necessary implication decide that the statements were "incident to an essential part of the scheme," Bridge v. Phoenix Bond & Indem. Co., 128 S. Ct. 2131, 2138 (2008) (internal quotation marks omitted); that "the alleged RICO violation was the proximate cause of the plaintiff's injury," Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 453 (2006); or that Defendant had been "injured in [its] business or property by the conduct constituting the violation," Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985). However, the error was harmless because the grant of summary judgment was proper. See Gordon v. Virtumundo,

6

Inc., 575 F.3d 1040, 1047 (9th Cir. 2009) (holding that a court may affirm a grant of summary judgment on any ground supported by the record).

We review de novo a district court's grant of summary judgment. Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Summary judgment in favor of Plaintiff was proper because no rational juror could find that the alleged RICO violations proximately caused the unpaid insurance claims.[1] At the bench trial, the district court found that Plaintiff did not under-report merchants or transaction volume, nor fail to pay insurance premiums. Thus, any insurance losses were not caused directly by Kittler's actions. Furthermore, no rational jury could find that inducing Defendant to enter and remain in the contract proximately caused Defendant's losses. See Holmes v. Sec. Investor Prot. Corp., 503 U.S. 258, 273 (1992).

## IV.    Defendant's Fraud Counterclaims

We review for clear error a district court's factual findings and de novo a district court's legal conclusions. Bertelsen, 537 F.3d at 1056. The district court's implicit finding that no persuasive evidence was presented to demonstrate falsity, receipt, or effect was not clearly erroneous. The district court was entitled to

---

[1]Counsel stated at oral argument that the unpaid claims were the only RICO damages and, in any event, other possible theories of damages mentioned in the briefing fail as well.

discount the credibility of Ron Reavis, and Michael Conn testified that he did not know if the documents that he saw had been sent to Defendant. Furthermore, the district court did not err in concluding that testimony about when Defendant learned of the falsity of the documents did not support a finding of detrimental reliance.

The district court did not clearly err in disregarding the pending insurance claims as damages because, at the time of trial, the insurer had not denied the claims. Any alleged error in disregarding the cost of the non-fraud litigation as potential damages would have been harmless. The alleged fraud did not proximately cause the contract suit. See City of Chicago v. Mich. Beach Hous. Coop., 696 N.E.2d 804, 811 (Ill. App. Ct. 1998). The district court did not clearly err in finding that the distortion of the bargaining process did not constitute fraud damages. Cf. Giammanco v. Giammanco, 625 N.E.2d 990, 1001 (Ill. App. Ct. 1993) (accepting such damages under the "unusual circumstances" of the case). The district court did not clearly err in finding that the alleged fraud did not proximately cause the FDIC sanction. Because the district court did not err in finding that the losses alleged by Defendant were not recoverable fraud damages, any error in the district court's abstract conclusion about the circumstances under

8

which the overstatement of a company's financial position could damage a recipient would have been harmless.

## V.    Prejudgment Interest

We review for abuse of discretion an award of prejudgment interest. <u>Oak Harbor Freight Lines, Inc. v. Sears Roebuck & Co.</u>, 513 F.3d 949, 954 (9th Cir. 2008); <u>see also</u> <u>Freund v. Nycomed Amersham</u>, 347 F.3d 752, 762 (9th Cir. 2003) (holding that federal law governs the standard of review in diversity cases). Under Illinois law, a good-faith dispute "would not preclude an award [of prejudgment interest] for a claim brought under a written instrument." <u>Mich. Ave. Nat'l Bank of Chi. v. Evans, Inc.</u>, 531 N.E.2d 872, 881-82 (Ill. App. Ct. 1988).

The district court did not abuse its discretion in awarding prejudgment interest on Count IIA. The discrepancy between the damages claimed in the complaint and the damages awarded—here, 21% of the damages claimed—is not so great as to make the damages incapable of easy calculation. <u>Cf.</u> <u>Lyon Metal Prods., L.L.C. v. Prot. Mut. Ins. Co.</u>, 747 N.E.2d 495, 510 (Ill. App. Ct. 2001) (holding that damages were not capable of easy calculation when difference between the damages awarded and the damages claimed was 92% of the amount claimed).

Nor did the district court abuse its discretion by awarding prejudgment interest on Counts IIB and IV. The amounts of damages on each count were specified in the complaint—described as a dollar figure for Count IIB and as the entire balance of a particular account held by Defendant for Count IV.

## VI. Defendant's Indemnification Counterclaims

We review de novo the district court's legal conclusions. Bertelsen, 537 F.3d at 1056. Defendant's indemnification counterclaims were unripe because they "rest[ed] upon contingent future events" that might not have occurred as anticipated or at all. Texas v. United States, 523 U.S. 296, 300 (1998) (internal quotation marks omitted). At the time of the trial, Defendant had not yet realized a loss on the pending insurance claims, and that loss might never have occurred. The district court lacked subject-matter jurisdiction and was required to dismiss the claims rather than adjudicate them. Richardson v. City of Honolulu, 124 F.3d 1150, 1160 (9th Cir. 1997). The dismissals should have been without prejudice. See Ass'n of Am. Med. Colls. v. United States, 217 F.3d 770, 785 (9th Cir. 2000) (modifying the dismissal of an unripe claim to a dismissal without prejudice because events "may have progressed . . . to a point where plaintiffs' claims are ripe"). We remand for the district court to modify its dismissals so that they are without prejudice.

## VII.  Plaintiff's Waiver of its Right to Jury Trial

We review de novo a party's entitlement to a jury trial.  Palmer, 560 F.3d at 968.  The district court correctly determined that Plaintiff had waived its right to a jury trial on all its claims.  Section 14.8 of the contract is broadly worded, and nothing its text suggests that it is limited to disputes arising under the contract.  Moreover, even construing the waiver narrowly, the jury-trial waiver provision cannot be construed as being implicitly limited by the preceding sentence.  Paracor Fin., Inc. v. Gen. Elec. Capital Corp., 96 F.3d 1151, 1166 n.21 (9th Cir. 1996).

Plaintiff waived the issue whether the jury-trial waiver was knowing and voluntary by not raising the issue in its opening brief on cross-appeal.  Warfield v. Alaniz, 569 F.3d 1015, 1028 n.9 (9th Cir. 2009).

## VIII.  Plaintiff's Bad-Faith Claim

We review de novo a district court's grant of directed verdict.  Amarel v. Connell, 102 F.3d 1494, 1517 (9th Cir. 1997).  The district court did not err in concluding that no reasonable jury could decide on this record that Defendant acted in bad faith by denying all applications from Plaintiff beginning in April 2001.  Plaintiff's cited evidence establishes only that Defendant accepted applications from another company in the months leading up to April 2001, not that Defendant continued to do so after Defendant began winding up its program.

11

Under Illinois law, there is no good-faith duty to exercise contractual discretion reasonably unless the contract grants discretion. Mid-West Energy Consultants, Inc. v. Covenant Home, Inc., 815 N.E.2d 911, 916 (Ill. App. Ct. 2004). Thus, the district court did not err by concluding that improper withholding of funds and misrepresentation as to the regulatory requirements for reserves could not support a bad-faith claim. The contract granted Defendant no discretion over those matters in the first place.

Even if the contract is interpreted to grant Defendant discretion over the release of funds from reserves, the district court did not err by concluding that no rational jury could find that Defendant showed bad faith in its July 2001 letter regarding reserves. The FDIC required Defendant to maintain reserves during the winding-up of its program. Defendant did not show bad faith either by offering to release some funds early—potentially obligating itself to top off the reserves—in exchange for a release of claims or by implying that it otherwise intended to hold the funds for the near future.

## IX.    Denial of Attorney Fees

This court reviews de novo both the legal analysis underlying a district court's denial of attorney fees, P.N. v. Seattle Sch. Dist. No. 1, 474 F.3d 1165, 1168 (9th Cir. 2007), and the question whether a party is deemed to have prevailed

under state law, <u>Miller v. Safeco Title Ins. Co.</u>, 758 F.2d 364, 369 (9th Cir. 1985).

The district court did not err by refusing to award attorney fees under the contract.

Both Plaintiff and Defendant prevailed on significant issues—Plaintiff by

prevailing on three contract claims and Defendant by avoiding significant liability

on other contract claims, on the first of which Plaintiff claimed damages in excess

of $5 million.  See <u>Peleton, Inc. v. McGivern's Inc.</u>, 873 N.E.2d 989, 995 (Ill. App.

Ct. 2007) (affirming denial of attorney fees when "each side prevail[ed] on a

significant issue"); <u>see also</u> <u>Raffel v. Medallion Kitchens of Minn., Inc.</u>, 139 F.3d

1142, 1147 (7th Cir. 1998) (affirming denial of contractual attorney fees under

Illinois law when the plaintiff won damages but the defendant avoided greater

damages).

AFFIRMED; REMANDED with instructions to dismiss Defendant's

indemnification counterclaims without prejudice.

13