**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRONTLINE PROCESSING CORPORATION; CHRIS KITTLER, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> BARACK FERRAZZANO KIRSCHBAUM PERLMAN & NAGELBERG LLP; WENDI E. SLOANE; MARTIN ROWE; ROWE FAMILY CONTROL GROUP; BURT H. ROWE, JR. MARITAL TRUST; ANNE ROWE FAMILY TRUST; FIRST ELDORADO BANCSHARES, INC.; LEGENCE BANK; FIRST STATE BANK OF ELDORADO, <br><br> Defendants - Appellees. | No. 12-35906 <br><br> D.C. No. 2:11-cv-00061-SEH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted April 9, 2014
Seattle, Washington

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  HAWKINS, RAWLINSON, and BEA, Circuit Judges.

Appellants Frontline Processing Corp. (Frontline) and Chris Kittler (Kittler) appeal the district court's order dismissing their malicious prosecution and abuse of process claims against Appellees First State Bank of Eldorado (FSB), Barack Ferrazzano Kirschbaum & Nagelberg (BFKN), Wendi E. Sloane, Martin Rowe, Rowe Family Control Group, Burt H. Rowe, Jr. Marital Trust, Anne Rowe Family Trust, First Eldorado Bancshares, Inc. and Legence Bank.

**1.**     The district court erred in holding that it lacked jurisdiction based on insufficient allegations of diversity jurisdiction in the complaint.  The notice of removal alleged sufficient facts—which Appellants have never challenged— to establish the requisite diversity jurisdiction because Frontline was a citizen of Nevada and Montana and all of the defendants were Illinois citizens.  *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) (recognizing "the core principle of federal removal jurisdiction on the basis of diversity—namely, that it is determined (and must exist) as of the time the complaint is filed and removal is effected") (citations omitted).  The lack of a cross-appeal of the district court's erroneous ruling "does not act as an automatic

jurisdictional bar" to our consideration of this issue.  *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 n.12 (9th Cir. 2012).

**2.**     The district court erred in holding that Kittler's malicious prosecution claim did not relate back to Frontline's original complaint because the claim "arise[s] from the same conduct, transaction, or occurrence" as alleged in the original complaint and Appellees were "provided adequate notice of the claims raised in the amended pleading."  *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 n.9 (9th Cir. 2008) (citation omitted).

**3.**     The district court erred in dismissing Frontline's and Kittler's malicious prosecution claims.  Frontline and Kittler sufficiently alleged plausible claims that FSB and BFKN maliciously and without probable cause filed groundless counterclaims and third-party complaints in the underlying federal litigation.  *See O'Fallon v. Farmers Ins. Exch.*, 859 P.2d 1008, 1011-13 (Mont. 1993) (recognizing that a malicious prosecution claim may be premised on the filing of groundless counterclaims and third-party complaints).  Frontline and Kittler also sufficiently alleged that the prior proceedings were terminated in their favor.  *See id.* at 1012-13.  Finally, Frontline's and Kittler's malicious prosecution claims are

3

not "defamation claims in disguise" because falsity of FSB's claims and counterclaims, FSB's knowledge of the claims' falsity, and damage in the form of harm to reputation allege the elements of a malicious prosecution claim.[1]

**4.**     Frontline's and Kittler's abuse of process claims were properly dismissed as untimely.  Although Frontline and Kittler alleged that FSB and BFKN were liable for abuse of process when FSB filed its counterclaims and third-party complaints in July, 2004, Frontline did not file its abuse of process claim until April 7, 2009— well beyond Montana's three-year statute of limitations.  *See* Mont. Code Ann. § 27-2-204(1).

**5.**     As conceded by BFKN, the district court erred in holding that it lacked personal jurisdiction over BFKN because "[f]or purposes of personal jurisdiction, the actions of an agent are attributable to the principal."  *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1073 (9th Cir. 2001) (citation omitted); *see also Baltrusch*

---

[1]Our prior decision in *Frontline Processing Corp. v. First State Bank of Eldorado*, 389 F. App'x. 748 (9th Cir. July 30, 2010)(mem.) is inapposite because we did not consider whether the proceedings were terminated in Frontline's favor under the standard applicable to a Montana malicious prosecution claim.

*v. Baltrusch*, 83 P.3d 256, 262 (Mont. 2003) (holding that, under Montana law, a partner is an agent of the partnership).

**AFFIRMED in part; REVERSED and REMANDED in part. Costs are awarded to Appellants.**