No. 92-105

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

TOM and JODIE STEPHENS,

Plaintiffs and Appellants,

-v-

SAFECO INSURANCE COMPANY OF AMERICA,
a Washington corporation,

Defendant and Respondent.

FILED

MAY 4 - 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourth Judicial District,
               In and for the County of Ravalli,
               The Honorable Douglas G. Harkin, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

             Richard M. Baskett, Datsopoulos, MacDonald & Lind,
             Missoula, Montana

        For Respondent:

             Shelton C. Williams, Williams & Ranney, Missoula,
             Montana


                    Submitted on Briefs:  February 11, 1993

                               Decided:  May 4, 1993

Filed:

_____
            Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal from a Fourth Judicial District Court, Ravalli County jury verdict in an insurance bad faith action. We reverse.

The issues include:

1. Did the District Court properly apply the law of Montana in holding that when two parties act in bad faith, the party at comparatively greater fault is denied recovery?

2. Did the District Court properly interpret the Special Verdict by holding that damages were 53% attributable to Appellants' bad faith and 47% attributable to Respondent's bad faith?

3. If the Appellants are entitled to recovery for damages, is the amount of their recovery $38,333.33, or 47% of $38,333.33?

Appellants Tom and Jodie Stephens (appellants) owned Buster's Body Shop in Hamilton, Montana. Respondent Safeco Insurance of America (respondent) was the insurer of their automobile body repair shop, covering the shop with a policy with limits on the structure of $80,000 and limits on the structure's contents of 30,000.

An accidental fire occurred in the body shop around May 6, 1987. Appellants notified the respondent's agent of the fire and an investigation by their agents followed.

Respondent and appellants encountered problems in settling the claim and this litigation resulted. The complaint in this action was filed on May 5, 1989. Trial in this case was held on May 28, 1991 by jury.

The scope of review for questions of law is whether the trial court's interpretation of the law is correct. Steer Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-475, 803 P.2d 601, 603.

At the close of trial in this action the jury was given a special verdict form. The questions on the special verdict form were as follows:

1. Did Safeco violate any duty of good faith and fair dealing owed to Plaintiffs? Yes: 8-4
2. Did the wrongful conduct found in question 1, if any, cause any damages to plaintiffs? Yes: 8-4
3. Did Safeco violate the Montana Unfair Claims Settlement Practices Act with such frequency as to indicate a general business practice? No: 12-0
4. Did the wrongful conduct found in Question 3, if any, cause any damages to Plaintiffs?
5. What is the total amount of pecuniary damages for emotional distress, if any, caused to Plaintiff Tom Stephens by the wrongful conduct found in your answers to Questions 1 through 4, if any? $38,333.33
6. Did plaintiffs violate any duty of good faith and fair dealing owed to Safeco? Yes: 11-1
7. Did the Plaintiffs fail to exercise ordinary care to mitigate their damages in this case? No: 11-1
8. Did Plaintiffs or their attorneys or agents interfere with Safeco's performance of its duties under the policy? Yes: 11-1
9. Did the wrongful conduct of Plaintiffs found in answer to any of Questions 6-8 cause some of the Plaintiffs' damages? Yes: 9-3
10. If, in your answers to Questions 1 through 9, you have determined that wrongful conduct on behalf of both Plaintiffs and Defendant have contributed to Plaintiffs' damages, then, using 100% as the total combined wrongful conduct which has caused Plaintiffs' damages, what proportion of the wrongful conduct do you determine is attributable to each of the parties, if any? Plaintiffs: 53% Defendants: 47%

The answers are as indicated.

The jury returned with a verdict stating the amount awarded for damages for emotional distress to Tom Stephens was $38,333.33. The jury also concluded that both parties violated the duty of good faith and fair dealing and the appellants interfered with respondent's performance of its duties. The jury allocated the percentage of wrongful conduct as 53% for the appellants and 47% for respondent. It is noted that in answer to Question 9 the jury found that appellant's wrongful conduct caused some of appellant's

damages, but the verdict does not indicate such damages were in any way the same as the damages found in answer to Question 5, which was caused by wrongful conduct of respondent.

The trial court subsequently ordered the parties to prepare briefs on the issue of the type of judgment which should be entered by the court considering the verdict of the jury. The trial court reviewed the briefs and upon further study, ordered that the appellants were precluded from recovering any award because the jury had determined that their fault was proportionally greater than the respondent.

The appellants contend on appeal that they should receive the entire jury award of $38,333.33 because their "fault" in this matter cannot be compared to the "fault" of the respondent and accordingly offset. The respondent, however, states "that the insured's own wrongful conduct was the major cause his (sic) own damages, and that the insurer's wrongful conduct was a lesser factor in causing these damages." Therefore, the insured should not recover from the respondent for his damages.

We conclude that the appellants should receive the $38,333.33 awarded by the jury. "[I]nsurance companies have a duty to act in good faith with their insureds, and this duty exists independent of the insurance contract and independent of statute." Lipinski v. Title Ins. Co. (1983), 202 Mont. 1, 15, 655 P.2d 970, 977. If this duty is breached the cause of action of the insured against the insurer sounds in tort. First Sec. Bank of Bozeman v. Goddard (1979), 181 Mont. 407, 419, 593 P.2d 1040, 1047.

However, if the situation is reversed, and the insured breaches the covenant of good faith and fair dealing, the result is

4

not a tort, but a breach of contract. In Story v. City of Bozeman (1990), 242 Mont. 436, 791 P.2d 767, this Court made clear "that the bad faith tort should be used only when the parties have a special relationship." Story, 791 P.2d at 775. Story adopted five elements to be applied in determining whether the parties have a special relationship:

> (1) the contract must be such that the parties are in inherently unequal bargaining positions; [and] (2) the motivation for entering the contract must be a non-profit motivation, i.e., to secure peace of mind, security, future protection; [and] (3) ordinary contract damages are not adequate because (a) they do not require the party in the superior position to account for its actions, and (b) they do not make the inferior party "whole"; [and] (4) one party is especially vulnerable because of the type of harm it may suffer and of necessity places trust in the other party to perform; and (5) the other party is aware of this vulnerability.

Story, 791 P.2d at 776.

When these five elements are applied to this case, the special relationship is established. First, in the insurance context, the insurer occupies the superior bargaining position and the insured in the inferior. This is because "in the insurance field the insured usually has no voice in the preparation of the insurance policy . . ." Goddard, 593 P.2d at 1047. There is a "great disparity between the economic positions of the parties to a contract of insurance. . . ." Goddard, 593 P.2d at 1047.

Second, the insured has a non-profit motive for entering into the insurance contract. "The insured seeks to purchase protection and security. This expectation is perhaps justified, if not entirely motivated, by insurers' advertisements promising security and freedom from worry." Graham and Luck, "The Continuing Development of the Tort of Bad Faith in Montana," 45 Mont. L. Rev. 43, 46 (1984).

Third, ordinary contract damages would not make appellants whole. Appellant Tom Stephens suffered from severe mental distress due to the problems with the insurance claim. He incurred certain medical expenses in connection with that distress.

Fourth, "at the time an insured party makes a claim he may be in dire financial straits and therefore may be especially vulnerable to oppressive tactics by an insurer seeking a settlement of a release." Goddard, 593 P.2d at 1047. Finally, the fifth element applies because the insurer is the author of the insurance contract and is aware of the insured's vulnerability. "The special considerations existent in a consumer-held insurance contract do not apply to an ordinary contract between businessmen." Goddard, 593 P.2d at 1047.

The insurer is certainly not in apprehension of the same concerns in its relationship with the insured. "The tort of bad faith . . . serves to discourage oppression in contracts which necessarily give one party a superior position." Story, 791 P.2d at 776. The insurer, in the superior position, is therefore liable in tort whereas there is no fear that the insured will harm the insurer to such an extent.

The respondent argues that under Martel v. Montana Power Co. (1988), 231 Mont. 96, 752 P.2d 140, respondent's bad faith and the appellants' bad faith can be compared and the appellants' bad faith can be used to offset the respondent's bad faith in determining damages to appellant Tom Stephens. We disagree.

As stated earlier, the two parties occupy two very different positions in relation to each other. Because of their varying positions, the respondent's conduct rises to the level of a tort

while the appellants' conduct is a breach of contract.

Under Martel, conduct rising to the level of a tort is compared to other conduct rising to a tort. Martel, 752 P.2d at 143. However, the appellants' conduct here does not involve a tort so it cannot be compared to the respondent's tortious conduct. Therefore, the respondent's tort cannot be offset comparatively by the appellants' contract breach. These are two distinctive legal concepts as to liability and damages. They are apples and oranges. The jury verdict to award the appellants $38,333.33 is reinstated.

The District Court was incorrect when it entered judgment concluding the appellants were precluded from recovering any portion of the jury's award. REVERSED.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

7

May 4, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Richard M. Baskett
DATSOPOULOS, MacDONALD & LIND, P.C.
201 West Main, Central Square Bldg.
Missoula, MT  59802

Shelton C. Williams, Esq.
WILLIAM & RANNEY, P.C.
P.O. Box 9440
Missoula, MT  59807-9440

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
    Deputy