**Jolene CRAWFORD and Leonardo Santiago, Plaintiffs,**

v.

**INFINITY INSURANCE COMPANY, a/k/a Infinity Insurance Group, a Florida Corporation, Defendant.**

**No. 97–CV–0088–B.**

United States District Court, D. Wyoming.

March 30, 2001.

Robert N. Williams, P. Richard Meyer, Mel Orchard, Meyer & Williams, Jackson, WY, for Plaintiff.

Carl L. Lathrop, J. Kent Rutledge, Louis Piccioni, Lathrop and Rutledge, Cheyenne, WY, Lloyd E. Williams, Bradley C. Nahrstadt, Williams & Montgomery, Chicago, IL, for Defendant.

### ORDER

BRIMMER, District Judge.

This matter comes before the Court on the following motions: (1) Defendant Infinity Insurance Company's Combined Renewed Motion for Judgment as a Matter of Law and Motion for a New Trial; (2) Plaintiffs' Motion for Award of Attorneys' Fees; and (3) Defendant Infinity Insurance's Motion to Review Entry of the Clerk's Bill of Costs Pursuant to Rule 54(D). After reading the briefs, hearing oral argument, and being fully advised of the premises, the Court **FINDS** and **ORDERS** as follows:

### Background

This case stems from a March 14, 1995 automobile accident between Plaintiffs Jolene Crawford and Leonardo Santiago. On that date, Mr. Santiago's vehicle collided with Ms. Crawford's vehicle causing serious and permanent injuries to Ms. Crawford. At the time the accident occurred, Defendant Infinity Insurance Company ("Infinity") insured Mr. Santiago with a $15,000 liability policy.

On June 23, 1995, Ms. Crawford sued Mr. Santiago in Wyoming state court. Ms. Crawford's attorney granted Infinity three extensions of time in which to answer. On August 31, 1995, Infinity offered to settle the case for the $15,000 policy limit. Ms. Crawford's attorney refused to accept this offer until he was satisfied that Mr. Santiago did not have significant personal assets which he could contribute to a settlement.

Near the end of September 1995, Ms. Crawford became willing to accept the policy limits settlement. On October 3, 1995, Ms. Crawford's attorney requested that a check be forwarded to his office immediately. On October 12, 1995, the check had not been received and Ms. Crawford's attorney faxed a letter to Infinity demanding a draft within forty-eight hours. The letter warned that a default would be taken if the check was not received within the stated time period. On October 19, 1995, Ms. Crawford's attorney had not received a check and therefore he obtained an entry of default against Mr. Santiago.

Infinity then hired an attorney who unsuccessfully appealed to the Supreme Court of Wyoming in an attempt to get the entry of default set aside. Thereafter, Mr. Santiago and Ms. Crawford entered a settlement agreement pursuant to which Mr. Santiago confessed judgment in the amount of $700,000 and assigned his third party bad faith claim to Ms. Crawford.

Ms. Crawford and Mr. Santiago then brought suit against Infinity in the District Court of Teton County, Wyoming; Infinity removed to this Court. Ms. Crawford, as assignee of Santiago, sought recovery from Infinity under a third party bad faith theory, alleging that Infinity's failure to settle the claim within Mr. Santiago's policy limits renders Infinity liable for the $700,000 judgment. Mr. Santiago sought emotional distress damages. Infinity counterclaimed, seeking to enforce what it claimed was a policy limits settlement that was reached between Ms. Crawford's attorney and Infinity representatives prior to the entry of default.

In late 1997, both parties moved for summary judgment. In a March 16, 1998 Order, the Court partially granted Plaintiffs' motion for summary judgment and denied Infinity's motion for summary judgment, concluding that no settlement occurred between Infinity and Ms. Crawford. The Court also denied Plaintiffs' motion for summary judgment on the issues of whether Infinity committed bad faith or breached its duty to defend, concluding that factual issues precluded disposition of these matters on summary judgment.

On January 19, 2000, Infinity filed a second motion for summary judgment, arguing that the bad faith claim must fail because Mr. Santiago breached the insurance contract's "no action" clause, which prohibits recovery against the insurer where the insured confesses judgment without the insurer's consent. The Court denied Infinity's second summary judg-

ment motion in a May 15, 2000 Order. The Court pointed out that its March 26, 1998 Order found triable issues of fact regarding whether Infinity committed third party bad faith or breached its duty to defend. The Court held that Infinity was not entitled to summary judgment because the "no action" clause would not be enforced if Infinity in fact committed third party bad faith or breached the duty to defend.

The case proceeded to a jury trial which commenced on May 23, 2000 and resulted in a hung jury. On June 9, 2000, Infinity renewed its motion for judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure. Infinity again argued that the "no action" clause precluded Mr. Santiago from entering into the settlement with Ms. Crawford. On August 31, 2000, the Court dismissed Infinity's arguments noting that Infinity had not raised any issues which were not addressed by the Court's previous decisions.

Then, on September 25, 2000, the case again proceeded to a jury trial. Infinity moved for judgment as a matter of law at the close of Plaintiffs' case and again after the close of all the evidence. Both motions were denied by this Court. Judgment was entered on the jury's unanimous verdict in favor of Plaintiffs and against Infinity. The jury found (1) Infinity acted in bad faith by failing to defend Leonardo Santiago; (2) Infinity acted in bad faith by failing to settle the claim asserted by Jolene Crawford against Leonardo Santiago within policy limits; (3) Infinity's breach of the covenant of good faith and fair dealing was a proximate cause of damages sustained by Mr. Santiago; (4) Mr. Santiago's settlement with Ms. Crawford was an act which was reasonably necessary to protect Mr. Santiago's interests; (5) the stipulated judgment amount of $700,000 was not fair and reasonable under the circumstances

existing at the time of the settlement; (6) $300,000 was a fair and reasonable portion of the judgment; (7) Mr. Santiago sustained $7,500 in other economic damages that were proximately caused by Infinity's breach of the covenant of good faith and fair dealing; (8) Mr. Santiago suffered emotional distress proximately caused by Infinity's breach of the duty of good faith and fair dealing; and (9) Mr. Santiago sustained $10,000 in emotional distress damages proximately caused by Infinity's breach of the duty of good faith and fair dealing.

Infinity timely moved to renew its motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(b), and, alternatively, for a new trial. In addition, Plaintiffs have filed a motion for attorneys' fees. Infinity also seeks to have this Court review the Clerk's Bill of Costs. The Court will address the substantive issues before discussing the latter two motions.

### Analysis

### A. Infinity's Motion for Judgment as a Matter of Law

#### 1. Standard of Review

In ruling on a renewed motion for judgment as a matter of law in which a verdict was returned, the court may:

(A) allow the judgment to stand,

(B) order a new trial, or

(C) direct entry of judgment as a matter of law

Fed.R.Civ.P. 50(b)(1). The court "shall review all the evidence in the record, construe the evidence and inferences most favorably to the nonmoving party, and refrain from making credibility determinations and weighing evidence." *Tyler v. RE/MAX Mountain States, Inc.*, 232 F.3d 808, 812 (10th Cir.2000) (citation omitted). "Judgment as a matter of law is appropriate only if the evidence points but one way and is susceptible to no reasonable infer-

ences which may support the opposing party's position." *Id.*

#### 2. Discussion

██ Infinity petitions this Court to address an issue lying at the very heart of this case: under what circumstances is an insured allowed to enter into a stipulated judgment or settlement agreement with a claimant? Infinity argues that only an outright refusal to defend, such as a denial of coverage, justifies an insured's settlement of the case.

This Court has denied similar arguments previously raised by Infinity in this case. All throughout this litigation, the Court has been of the opinion that an insured may enter into a reasonable settlement agreement where the insurer acts with bad faith in failing to settle a claim within policy limits. (*See* May 15, 2000 Order on Mots. for Summ. J. at 5.) Infinity's present motion does not raise any arguments which convince this Court to abandon this position.

Infinity first attacks the Court's reliance upon *Nat'l Union Fire Ins. v. Cont'l Ill. Corp.*, 673 F.Supp. 267 (N.D.Ill.1987). The Court has cited *Nat'l Union* in holding that an insured may enter a reasonable settlement agreement upon the insurer's bad faith failure to settle a case. Infinity erroneously asserts that this case is one of a kind and "has never been cited in any published opinion." (Def.'s Mem. of Law in Supp. of its Combined Renewed Mot. for J. at 8.) Actually, many courts have reached similar results. *See Hyatt Corp. v. Occidental Fire & Cas. Co.*, 801 S.W.2d 382, 389 (Mo.Ct.App.1990) (citing *Nat'l Union Fire Ins.*, 673 F.Supp. 267) ("Where an insurer breaches its good faith duty to consider offers of settlement, the insured may effect reasonable good faith settlements on its own and enforce such settlements against the insurer."); *Fireman's Fund Ins. Co. v. Sec. Ins. Co.*, 72 N.J. 63,

367 A.2d 864, 869 (1976) ("The breach of an insurer's covenant [to act in good faith], whether it be express or implied, leaves the insured free, despite the limiting policy provisions, to protect his own interest in minimizing a potential liability in excess of the policy limits by agreeing to a reasonable good faith settlement of the negligence actions and then, on proof of the insurer's default, to recover from it the amount of its policy limits."); *Isadore Rosen & Sons, Inc. v. Sec. Mut. Ins. Co.*, 31 N.Y.2d 342, 339 N.Y.S.2d 97, 291 N.E.2d 380, 382 (1972) (citation omitted) ("The New York rule is that where an insurer unjustifiably refuses to defend a suit, the insured may make a reasonable settlement or compromise of the injured party's claim, and is then entitled to reimbursement from the insurer, even though the policy purports to avoid liability for settlements made without the insurer's consent."); *Gates Formed Fibre Prod., Inc. v. Imperial Cas. and Indem. Co.*, 702 F.Supp. 343, 346 (D.Me.1988) (citation omitted) ("It is well settled that once an insurer breaches its duty to defend, the insured is free to proceed as he sees fit ... Thus, if an insurer wrongfully refuses to defend an action against an insured, as required by the policy, the insured is entitled to settle without jeopardizing his right to coverage otherwise available to him.")

In fact, more than one court has noted that this is the general rule. *See Isadore Rosen*, 339 N.Y.S.2d 97, 291 N.E.2d at 382 (citation omitted) ("This seems the general rule: The provision against settlement by insured cannot be taken advantage of by insurer, where it unreasonably delays to take any action, after notice of the claim."); *National Union Fire Ins. Co.*, 673 F.Supp. at 274. ("In any event, all the courts that have considered the question have allowed insureds (1) to effect reasonable settlements on their own after their insurers have breached their duty to settle and (2) to enforce those settlements against the insurers if reasonable and made in good faith."); *see also* 46 C.J.S. *Insurance* § 1167 (1993).

Infinity objects to the application of this rule to cases other than where the insurer "refuses" to defend its insured. *E.g. Isadore Rosen*, 339 N.Y.S.2d 97, 291 N.E.2d at 382 (applying this rule where "insurer unjustifiably refuses to defend a suit"). However, even in the *Isadore Rosen* case, the New York court stated the insurer's duty of good faith may be breached in ways other than by refusing to defend. *Id.* "It may be breached by neglect and failure to act protectively when the insured is compelled to make settlement at his peril; and unreasonable delay by the insurer, in dealing with a claim, may be one form of refusal to perform which could justify settlement by the insured." *Id.* In addition, the New York court cited with approval *Otteman v. Interstate Fire & Cas. Co.*, 172 Neb. 574, 111 N.W.2d 97 (1961) where the Supreme Court of Nebraska equated an unreasonable delay in acting to a denial of liability. *Id.* Therefore, the Court finds unpersuasive Infinity's attempt to limit the application of the above rule to instances of outright refusals to defend.

■ Further, under Wyoming law, "[a] cause of action for third party bad faith will lie when a liability insurer *fails* in bad faith to settle a third-party claim within policy limits against its insured." *Jarvis v. Farmers Ins. Exchange*, 948 P.2d 898, 900 (Wyo.1997) (citation omitted and emphasis added). Therefore, Infinity's attempt to require an outright *refusal* to defend as a prerequisite to a finding of bad faith would result in a misinterpretation of Wyoming law.

Infinity once again challenges this Court's treatment of *State Farm Fire and Cas. Co. v. Winsor*, 5 F.Supp.2d 1258 (D.Wyo.1998). Infinity has previously ar-

gued that *Winsor* controlled the issues in this case. In *Winsor*, the court found that the insured breached her contractual duty to cooperate by confessing judgment without the consent of the insured. 5 F.Supp.2d at 1264. Therefore, the court found no coverage under the insurance policy. *Id.* This Court's May 15, 2000 Order on Motions for Summary Judgment distinguished *Winsor* saying, "[t]he absence of bad faith in *Winsor* starkly distinguishes *Winsor* from this case because, where an insurer acts with bad faith in failing to settle, an insured may enter a reasonable settlement on its own." (May 15, 2000 Order on Mots. for Summ. J. at 5 (citing *National Union Fire Ins.*, 673 F.Supp. at 273.)) Infinity challenges this ruling contending *Winsor* contains two independent decisions: a finding of no coverage and a finding of no bad faith. Infinity argues that the coverage ruling was not dependant upon the bad faith ruling and a finding of bad faith would not have changed the outcome of the coverage issue. However, the fact that these two issues were independently decided by the *Winsor* court does not change the rule of the cases cited above that an insurer's bad faith may relieve an insured of his or her obligations under the insurance contract. *See e.g. Nat'l Union Fire Ins.*, 673 F.Supp. 267; *Hyatt Corp.*, 801 S.W.2d 382; *Fireman's Fund Ins. Co.*, 367 A.2d 864; *Isadore Rosen*, 291 N.E.2d 380; *Gates Formed Fibre Prod., Inc.*, 702 F.Supp. 343. Therefore the Court will not abandon its previously expressed view that *Winsor* does not control the disposition of this case. Nor will the Court entertain Infinity's request to nullify the Court's holding that an insured may enter into a reasonable settlement agreement where the insurer acts with bad faith in failing to settle a claim within policy limits.

Infinity also challenges Plaintiffs' contention that the entry of default was a failure to defend. In particular, Infinity argues that the entry of default was permitted under the policy provision allowing Infinity to defend the case as it thought appropriate. This Court has consistently held that a finding of bad faith was a factual question to be left to the jury. (*See* May 15, 2000 Order on Mots. for Summ. J. at 4.) The jury unanimously found that Infinity acted in bad faith by failing to defend Mr. Santiago. The Court is not persuaded by Infinity's pleas to abandon the Court's previous rulings or the jury's findings on this issue.

Infinity's remaining arguments pertain to the policy issues surrounding this question. The Court has fully considered these questions in its research and analysis of this area of the law. Infinity's arguments fail to convince the Court that Infinity is entitled to judgment as a matter of law.

The Court is not convinced that Infinity is entitled to judgment as a matter of law. In addition, the Court firmly believes that upon reviewing all the evidence in the record and construing that evidence most favorably to the Plaintiffs, there is sufficient evidence of such quality and weight to support the jury's findings. *See Tyler*, 232 F.3d at 812. Therefore Defendant Infinity Insurance Company's Motion for Judgment as a Matter of Law is **DENIED**.

## B. Infinity's Motion for a New Trial

### 1. Standard of Review

 The decision of whether to grant a new trial is up to the discretion of the court. *MidAmerica Fed. Sav. and Loan Ass'n v. Shearson/American Exp., Inc.*, 886 F.2d 1249, 1262 (10th Cir.1989). "Where a new trial motion asserts that the jury verdict is not supported by the evidence, the verdict must stand unless it is clearly, decidedly, or overwhelmingly against the weight of the evidence." *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1284 (10th Cir.1999) (internal citation

and quotation omitted). A new trial motion asserting evidentiary errors should be granted only where there is a clear showing of prejudice and that the ruling was inconsistent with substantial justice. *Coletti v. Cudd Pressure Control,* 165 F.3d 767, 773 (10th Cir.1999).

## 2. Discussion

■ Infinity first argues that the jury's finding of bad faith was against the overwhelming weight of the evidence. Infinity contends that there was no evidence to support a finding that Infinity intended not to settle the case. However, Infinity's arguments ignore Wyoming law which states the requisite intent to a finding of bad faith is the intent to do a particular act.[1] *See Farmers Ins. Exchange v. Shirley,* 958 P.2d 1040, 1051 (Wyo.1998). When viewed in a light most favorable to the Plaintiffs, the Court finds sufficient evidence in the record to suggest that Infinity acted intentionally. The jury's finding on this point is certainly not "overwhelmingly against the weight of the evidence." *Anaeme,* 164 F.3d at 1284.

Infinity also argues that there was no evidence to show that Infinity failed to defend Mr. Santiago. The Court instructed the jury that a failure to defend is found where "the insurer actually prejudiced or deprived the insured of a valid defense." (Jury Instruction No. 25.) Plaintiffs correctly point out that the evidence of Infinity's strenuous attempt to get the entry of default set aside tends to belie its contention that no prejudice arose from the entry of default. The Court is not convinced that the great weight of the evidence is against the jury's finding and therefore the Court will not alter the jury's finding on this issue. In addition, the Plaintiffs poignantly note that the jury found Infinity acted in bad faith by failing to defend as well as by failing to settle

within policy limits. Therefore, even if the jury's finding of a failure to defend was against the great weight of the evidence, the finding of a failure to settle would still stand, as the Court has pointed out above.

■ Infinity next argues the Court prejudiced its case by denying several motions in limine. Infinity sought to exclude evidence of its decision to pay more than Mr. Santiago's policy limit. Infinity asserts that there are only two instances of conduct which were claimed to have constituted bad faith: (1) when Infinity failed to settle; and (2) when it allowed a default to be entered. Infinity contends that evidence of its decision to pay more than Mr. Santiago's policy limit is irrelevant to these two instances of purported bad faith. Plaintiffs contend, and this Court agrees, that this evidence was relevant to issues other than bad faith. This evidence was relevant to show Infinity's own view of the significance of its actions in failing to properly defend Santiago. The Court finds that Infinity has failed to show that this evidence resulted in prejudice or that it was inconsistent with substantial justice.

■ Infinity also contends that the Court improperly denied its motion in limine to bar Mr. Santiago's claim for intentional infliction of emotional distress. Infinity claims there was no evidence of substantial damages which would justify an award of emotional distress damages under Wyoming law. After reviewing the record, the Court finds evidence of substantial damages which supports the jury's finding on this issue. Such evidence includes, but is not limited to, the expenses incurred in Mr. Santiago's return to Jackson, Wyoming. Therefore Infinity is unable to clearly show that the Court's denial of this motion in limine re-

---

1. Jury Instruction No. 23.

sulted in prejudice which would justify a new trial.

 Infinity next contends the Court erred in denying its motion to bar evidence of Ms. Crawford's post-judgment medical care. The testimony to which Infinity refers was subsequently stricken by the Court. The Court believes that its instruction to the jury to disregard such testimony was sufficient to cure any prejudice which may have arisen.

 Infinity also claims error in the Court's decision to substitute a signed copy of Exhibit I for the unsigned copy which had been admitted into evidence. In this case the parties stipulated to the admissibility of Exhibit I, the settlement agreement. However, a copy of the agreement signed only by Mr. Santiago was entered as Exhibit I. Plaintiffs argue that the evidence produced at trial showed that the contract had been signed by both parties. Therefore the Court's subsequent submission of the copy signed by both parties was not a submission of additional evidence after the jury had retired. Due to the other evidence presented at trial, the Court finds that submission of the signed copy of Exhibit I did not prejudice Infinity in this case.

Infinity also objects to the instructions given by the Court. Infinity's objections do not raise any additional issues which were not addressed during the Court's jury instruction conference or in this Order. The Court stands by its previous rulings and upon consideration of Infinity's claims of erroneous instructions, does not find any clear showing of prejudice by Infinity.

Upon consideration of all of Infinity's arguments, the Court finds that the jury's verdict was not "clearly, decidedly, or overwhelmingly against the weight of the evidence." *Anaeme,* 164 F.3d at 1284. Therefore, the verdict will not be altered. *See id.* The Court also finds no clear showing of prejudice resulting from the Court's evidentiary rulings. *See Coletti,* 165 F.3d at 773. Nor does the Court find any ruling which was "inconsistent with substantial justice." *Id.* Therefore Infinity's motion for a new trial must be **DENIED.**

**C. Plaintiffs' Motion for Award of Attorneys' Fees**

 Plaintiffs seek an award of attorney's fees pursuant to Wyo. Stat. § 26–15–124. However, Infinity correctly points out that this statute does not apply to insurance "[p]olicies or contracts not issued for delivery in this state nor delivered in this state." Wyo. Stat. § 26–15–101(a)(ii). It is undisputed that Infinity's policy insuring Mr. Santiago was neither issued nor delivered in Wyoming. Therefore, this insurance policy is exempt from the attorney's fee provision of Wyo. Stat. § 26–15–124.

**D. Infinity's Motion to Review Entry of Clerk's Bill of Costs**

**1. Standard of Review**

 Pursuant to Rule 54(d) a prevailing party may recover costs "as a matter of course." Fed.R.Civ.P. 54(d). The prevailing party's entitlement to costs, however, is subject to the ultimate discretion of the district court in determining whether and to what extent costs may be awarded. *M.T. Bonk Co. v. Milton Bradley Co.,* 945 F.2d 1404, 1409 (7th Cir.1991).

**2. Discussion**

 Infinity objects to the Clerk's Bill of Costs entered on November 24, 2000. Specifically, the Bill of Costs includes costs associated with the first trial which resulted in a hung jury. However, this Court finds Plaintiffs were the "prevailing party" in this case. Fed.R.Civ.P. 54(d)(1). Accordingly, the Clerk's Bill of Costs should

be upheld. *See Givens v. Lederle*, 556 F.2d 1341, 1346 (5th Cir.1977) (awarding costs from first trial to plaintiff who prevailed in the second trial even though the first trial resulted in a verdict for defendant).

### Conclusion

For all of the above reasons, the Court **HEREBY ORDERS** as follows:

1. Defendant Infinity Insurance Company's Combined Renewed Motion for Judgment as a Matter of Law and Motion for a New Trial is **DENIED**;

2. Plaintiffs' Motion for Award of Attorneys' Fees is **DENIED**;

3. Defendant Infinity Insurance's Motion to Review Entry of the Clerk's Bill of Costs Pursuant to Rule 54(D) is **DENIED.**